UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ALONZA RUFUS,

    Applicant,

v.                                          CASE NO. 8:24-cv-1799-SDM-CPT

DIRECTOR OF GEO RESIDENTIAL
REENTRY CENTER,

    Respondent.
_____/

**<u>ORDER</u>**

Rufus applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges the United States Bureau of Prisons' ("BOP") failure to assign him to home confinement for the last portion of his sentence. An inmate may challenge the execution of his sentence through an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 469–70 (11th Cir. 2015) (exercising jurisdiction over federal prisoner's section 2241 habeas petition challenging the deprivation of good-time credits following a prison disciplinary proceeding). However, the inmate must first exhaust all available administrative remedies. *Santiago-Lugo*, 785 F.3d at 469–70  Although exhaustion of administrative remedies is not a jurisdictional requirement in an action under Section 2241, "that does not mean that courts may disregard a failure to exhaust and grant relief on the

merits if the respondent properly asserts the defense." *Santiago-Lugo*, 785 F.3d at 475. "The exhaustion requirement is still a requirement; it's just not a jurisdictional one." *Santiago-Lugo*, 785 F.3d at 475.

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006), explains that "[b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims." The exhaustion requirement both allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and discourages "disregard of the agency's procedures." *Ngo*, 548 U.S. at 89 (punctuation omitted). Exhaustion also promotes efficiency, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Ngo*, 548 U.S. 89.

Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Ngo*, 548 U.S. at 93. The exhaustion requirement "let[s] the agency develop the necessary factual background upon which decisions should be based; . . . permit[s] the agency to exercise its discretion or apply its expertise; [and] . . . conserve[s] scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative

process and the courts may never have to intervene[.]" *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998).

Rufus states in his application that requiring use of the BOP's "administrative remedy would delay and deprive me of my right to judicial review . . . ." (Doc. 1 at 2)[1] But as discussed above, Rufus has no right to judicial review before he exhausts his administrative remedies. Consequently, Rufus presents as a person described in *Ngo* as someone who does not want to exhaust his administrative remedies. The United States argues (Doc. 6) for dismissal because Rufus admits to the lack of exhaustion and the BOP records show that he failed to exhaust his administrative remedies. In reply (Doc. 8 at 2) Rufus contends that he complained about the denial of home confinement both orally and through email with the person or persons through whom he would have to exhaust his administrative remedies, but his contention is implicitly an acknowledgement that he never followed the explicit procedures for exhausting his administrative remedies. "If an inmate fails to exhaust her administrative remedies and the respondent raises the issue in the district court, the district court may not grant relief on the inmate's petition." *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020)[2] (citing *Santiago-Lugo*, 785 F.3d at 475).

---

[1] This statement appears near the bottom of page 2 based on the pagination in CM/ECF but is on "Page 3 of 9" of the Section 2241 application form.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for Rufus's failure to exhaust his administrative remedies. The motion (Doc. 7) for emergency review is **GRANTED** to the extent that the review of this action was expedited. The clerk must close this case.

ORDERED in Tampa, Florida, on September 20, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE